IN THE MATTER OF DANIEL J. McGRORY, AS SUPERVISOR, ETC., RESPONDENT, *v.* JAMES HENDERSON, JR., APPELLANT.

*Proceedings by an officer to compel his predecessor to deliver up books — R. S , pt. 1, ch. 5, tit. 6, art. 5, sec. 51 — the affidavit of the officer alleging a delivery must be made before the justice before whom proceedings are instituted.*

Pursuant to the provisions of article 5 of title 6, chapter 5 of part 1 of the Revised Statutes, the plaintiff, the supervisor of the town of Westchester, applied to a justice of the Supreme Court to compel the defendant Henderson, his predecessor in office, to deliver a certain book belonging to the office of supervisor. Upon the day on which the order was returnable the counsel for Henderson appeared and presented an affidavit, made by Henderson before a notary, setting forth that he had delivered each and every book and paper in his possession or under his control as supervisor, within his knowledge, in any way belonging to or pertaining to the office of supervisor.

*Held,* that the affidavit was fatally defective in having been made before a notary public, instead of having been made before the justice granting the order, as is required by section 51 of article 5, title 6, chapter 5 of part 1 of the Revised Statutes, and that its presentation did not either require a dismissal of the proceedings or the discharge of the defendant.

APPEAL from an order made by Mr. Justice DYKMAN, bearing date the 6th day of March, 1886, in a proceeding to compel James Henderson, Jr., to deliver a certain book belonging to the office of supervisor to complainant, as the successor of said Henderson, by which order said proceeding was adjourned to March 13, 1886, " for the purpose of taking proofs of the parties as to the delivery of said book to James Henderson, Jr., and as to the whereabouts and custody of said book."

The applicant, Daniel J. McGrory, as supervisor, made demand on his predecessor, James Henderson, Jr., for all books, papers, and records belonging to his office, and particularly a certain book belonging to said office, known as the " Treasurer's Book," and upon his refusal to deliver it, made a complaint to a justice of the Supreme Court, who made the order requiring Henderson to show cause why he should not be compelled to deliver the book. The order was made returnable February 27th, 1886, at which time Henderson's counsel appeared in court and presented an affidavit setting forth that Henderson had truly delivered to McGrory each and every book and paper in his possession or under his control as supervisor, within his knowledge, and that he has not now, nor has he at any time since then, any such book described in the moving papers.

This affidavit was not made before the officer granting the order to show cause, but was made before Charles G. Banks, notary public.

On this state of facts Mr. Justice DYKMAN refused to dismiss the proceeding, but made the order to take proof and inquire into the circumstances, from which order this appeal is taken.

*H. C. Henderson,* for the appellant.

*Martin J. Keogh,* for the respondent.

PRATT, J.:

The statute upon which this proceeding was based (art. 5, tit. 6, chap. 5, pt. 1, R. S.) provides a scheme for obtaining books and papers withheld from their successors by public officers. Section 51 pro-

vides : " If any person shall refuse or neglect to deliver over to his successor any books or papers, as required in the preceding section such successor may make complaint thereof to \* \* \* any justice of the Supreme Court \* \* \* and if such officer be satisfied by the oath of the complainant and such other testimony as shall be offered, that such books or papers are withheld, he shall grant an order directing the person so refusing to show cause before him within some short and reasonable time why he should not be compelled to deliver the same." Among other things section 52 provides : " If the person charged with withholding such books or papers, shall make affidavit before such officer that he has truly delivered over to his successor all such books and papers in his custody or appertaining to his office, within his knowledge, all further proceedings before such officer shall cease, and the person complained against shall be discharged." The plain requirement of this section is, that the person complained against *shall make oath before such officer.*

It was the duty of the justice, under the statute, to inquire into the circumstances, and the respondent was not entitled to have the proceeding quashed till he appeared before the justice and made oath before him, as required by the statute. The object of the statute was to bring the person complained against into court, so that some inquiry might be instituted by the officer taking the affidavit.

The affidavit of the respondent was made before a notary public and is indefinite and evasive. In it he states that he had delivered " each and every book and paper in his possession or under his control as supervisor within his knowledge, in any way belonging to or pertaining to the office of supervisor of said town, and that he has not now, nor has he at any time since then had in his possession or under his control, any such book or paper pertaining to such office." This statement does not meet the affidavit of the complainant, as it does not deny that he had the special book called for by the complainant; he does not identify the books he gave to Briggs, and he does not swear that he delivered it to the complainant or that he filed it.

It is undoubtedly true that an affidavit made before the justice before whom the proceeding was had, in the precise words of the statute, would be sufficient. It is a general rule of pleading that

whenever a statute gives a cause of action or defense, it is sufficient in declaring upon the pleading or statute to follow the words of the act. The objection, however, was fatal, that the affidavit was not made before the justice. It was an oath required by law to be taken before a particular officer, and, hence, section 842 of the Code of Criminal Procedure did not validate the appellant's affidavit. The proceeding is still pending before the justice, and the applicant is entitled to go before him and make the required affidavit. Until he does so, he is not in a position to claim that the proceeding shall be discharged.

The order adjourning the proceeding was, therefore, proper, and must be affirmed, with costs and disbursements.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.